**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| **Plaintiff,**   ) | |
| ) | **CRIMINAL ACTION** |
| v.   ) | |
| ) | **No. 08-20160-09-KHV** |
| TANYA JONES,   ) | |
| **Defendant.**   ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion For Downward Departure To Include Sentence Modification (Doc. #396) filed November 9, 2012. Defendant asks the Court to grant her a downward departure and modify her term of imprisonment based on extraordinary post-conviction rehabilitation. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See id.; Fed. R. Crim. P. 35 (authorizes re-sentencing to reflect defendant's substantial assistance on motion of the government, and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court

does not have inherent authority to re-sentence defendant. See Blackwell, 81 F.3d at 949.

Defendant argues that in light of Pepper v. United States, 131 S. Ct. 1229 (2011), the Court should reduce her sentence based on post-offense rehabilitation. See Motion For Downward Departure (Doc. #396) at 3. Pepper addressed whether a district court could consider a defendant's post-offense rehabilitation on re-sentencing *after* a Court of Appeals had set aside a defendant's sentence and remanded for re-sentencing. See 131 S. Ct. at 1241. Here, defendant did not appeal and she has not shown that she is otherwise entitled to be re-sentenced. For these reasons, the Court does not have jurisdiction to re-sentence defendant at this time.[1]

**IT IS THEREFORE ORDERED** that defendant's Motion For Downward Departure To Include Sentence Modification (Doc. #396) filed November 9, 2012 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion And Affidavit In Support Of Request To Proceed In Forma Pauperis (Doc. #397) filed November 9, 2012 be and hereby is **OVERRULED**.

---

[1] The Court commends defendant's participation and apparent success in many prison programs. As explained above, however, the Court does not have authority to resentence her at this time. None of the authorities cited by defendant confer jurisdiction on this Court to resentence defendant based solely on rehabilitation efforts. See Fed. R. Crim. P. 2 (rules to be interpreted to provide for just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay); Fed. R. Crim. P. 47 (form of motions and affidavits); Fed. R. Crim. P. 56(a) (district court considered always open for any filing); 28 U.S.C. § 452 (all courts shall be deemed always open for filing purposes); U.S.S.G. § 3E1.1 (in determining acceptance of responsibility adjustment, court must consider post-offense rehabilitation efforts).

Dated this 21st day of November, 2012 at Kansas City, Kansas.

                                      s/ Kathryn H. Vratil
                                      KATHRYN H. VRATIL
                                      United States District Judge